IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRUCE CREASY,                           *
               Plaintiff

      v.                                *    CIVIL ACTION NO. JFM-11-1870

MAYOR OF THE CITY OF BALTIMORE          *
COMMISSIONER OF THE BALTIMORE
  CITY POLICE DEPARTMENT,               *
            Defendants

                           ***

## MEMORANDUM

Defendants Mayor of the City of Baltimore and Commissioner of the Baltimore City Police Department have filed motions to dismiss (ECF Nos. 8 & 20), which plaintiff has opposed by way of motions to strike.  ECF Nos. 13 and 22.[1]  Upon review of  the papers filed, the court finds an oral hearing in this matter unnecessary.  *See* Local Rule 105.6 (D. Md. 2011).  The motions shall be granted.

## Background

Plaintiff states that on January 8, 1979, he was arrested and charged with a variety of sexual offenses.  Ultimately he was convicted and sentenced to a life term of imprisonment.  At the time of his arrest the Baltimore City Police Department maintained DNA evidence collected during the medical examination of the crime victim.  Subsequently, Maryland adopted an "Actual Innocence" statute which permits DNA specimens to be tested to aid the exoneration of

---

[1] Plaintiff's pending motion to strike shall be denied.  Plaintiff erroneously believes that by moving to dismiss his complaint defendants have consented to be sued and the matter should therefore proceed.

Plaintiff has also filed motions for default judgment (ECF Nos. 14 & 15) which have been opposed  by defendant Commissioner of Baltimore City Police Department.  ECF No. 17.  The defendant indicates that the delay in responding to the complaint was occasioned by a miscommunication within the Baltimore City Solicitor's Office. Plaintiff has not been prejudiced by any late response to his complaint. The motions shall be denied.

defendants.  He states that when he filed to have the DNA material from his case tested, he was advised that no such evidence existed.  He was later advised that the evidence may exist but it could not be located.  At other times it has been suggested to him that the evidence was destroyed during Hurricane Isabel in 2003.  Plaintiff claims that he has therefore been unable to test the evidence which would prove his innocence.  Plaintiff claims that defendants were charged with the responsibility for storing DNA evidence safely and securely.   Plaintiff further states that the City of Baltimore is "ultimately responsible for allocating ample funds to insure that the Baltimore City Police Department had and maintained adequate, secure and safe storage for all evidence…."  Plaintiff states that he has been denied due process and equal protection of the law.  ECF No. 1.

### Standard of Review

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the  plaintiff's complaint.  *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999).   The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).   Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.  *Id*. at 555-56.  Both *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009), make clear that, in order to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570; *see Iqbal*, 129 S. Ct. at 1953 ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions'. . ." (citation omitted)); *see also Simmons v. United Mortgage and Loan Inv.*, 634 F.3d 754, 768 (4th Cir.

2011); *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).

The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

### A.    Supervisory Liability

Plaintiff's complaint against Mayor of the City of Baltimore and Commissioner of the Baltimore City Police Department is based solely upon the doctrine of *respondeat superior,* which does not apply in §1983 claims. *See Love-Lane v. Martin*, 355 F. 3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under §1983); *see also Trulock v. Freeh*, 275 F. 3d 391, 402 (4th Cir. 2001) (no respondeat superior liability in a *Bivens* suit).   Liability of supervisory officials must be  "premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F. 3d 228, 235 (4th Cir. 2001), *citing Slakan v. Porter*, 737 F. 2d 368, 372 (4th Cir. 1984).  Supervisory liability under § 1983 must be supported with evidence that (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff, (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices, and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.  *See Shaw v. Stroud*, 13 F. 3d

791, 799 (4th Cir. 1994).  Plaintiff has pointed to no action or inaction on the part of the Mayor of

Baltimore City or the Commissioner that resulted in a constitutional injury, and accordingly, his

claim against them  is subject to dismissal.

Moreover, the Baltimore City Police Department is an agency of the State, not an agency

of the City of Baltimore and thus not within the control of the Mayor. *See* Public Local Laws of

Maryland, Art. 4, §16-2(a) ("The Police Department of Baltimore City is hereby constituted and

established as an agency and instrumentality of the State of Maryland.");  *see also Chin v. City of

Baltimore*, 241 F. Supp. 2d 546, 549 (D. Md. 2003) (holding "as a matter of Maryland law, the

Baltimore City government does not wield enough control over the Baltimore Police Department

to be subject to liability for the Baltimore Police Department's actions.")

## B.    Due Process

To proceed under 42 U.S.C. § 1983, plaintiff must establish violation of a constitutional

right or federal law.  *See Baker v. McCollan*, 443 U.S. 137 (1979).  Plaintiff has a liberty interest

in demonstrating his innocence with new evidence under state law.  *See Dist. Attorney's Office of

the Third Judicial Dist., et al., v. Osborne*, 557 U.S. 52, ___ 129 S.Ct. 2308, 2319 (2009).    In

order to state a procedural due process claim relating to post conviction DNA testing, plaintiff

must assert facts sufficient to show that Maryland's statute and post conviction process are

"inadequate to vindicate the substantive rights provided."  *Id.* at 2320.    There is no substantive

due process right to DNA testing.  *Id*. at 2322-2323.

Under Md. Code Ann., Crim. Pro. § 8-201, enacted in 2001, over 20 years after plaintiff's

conviction, a person such as plaintiff convicted of certain enumerated crimes may file a petition

for testing of DNA evidence.    If the defendant demonstrates that the test has "the potential to

produce exculpatory or mitigating evidence," the court shall order the testing.  *See* Md. Code

4

Ann., Crim. Pro. § 8-201(d)(1)(i).    The State is required to preserve DNA evidence for the duration of the sentence imposed. Md. Code Ann., Crim Pro. § 8-201(j)(2).   When the State cannot produce the evidence requested, the court must hold a hearing to determine whether "the failure to produce the evidence was the result of intentional and willful destruction." Md. Code Ann., Crim. Pro. § 8-201(j)(3)(i).  If the court finds the evidence was intentionally and willfully destroyed the defendant is entitled to a hearing   pursuant to the Uniform Post Conviction Procedure Act--Md. Code Ann., Crim. Pro. Art.§§ 7-101, and at the post conviction hearing an inference that the result of the post conviction DNA testing would have been favorable to the petitioner.  Md. Code Ann., Crim. Pro. § 8-201(j)(3)(ii).   The Maryland Court of Appeals has held that under Maryland's statutory scheme for DNA testing, the State has the burden of establishing that evidence no longer exists and the defendant must be given an opportunity to respond and challenge the State's representations concerning the destruction of evidence.  *See Blake v. State*, 909 A.2d 1020, 1025-28 (Md. 2006).

Like the plaintiff in *Osborne*, there is no indication that plaintiff has utilized the state court procedure available to him for seeking  testing of  DNA evidence.  As the *Osborne* Court noted,

> [t]his is not to say that [plaintiff] must exhaust state-law remedies….But it is [plaintiff's] burden to demonstrate the inadequacy of the state-law procedures available to him in state post conviction relief….These procedures are adequate on their face, and without trying them, [plaintiff] can hardly complain that they do not work in practice.

*See Dist. Attorney's Office of the Third Judicial Dist., et al., v. Osborne*, 557 U.S. 52, ___ 129 S.Ct. 2308, 2321 (2009).

Further, plaintiff's challenge to the manner in which the DNA evidence was stored e.g. the DNA evidence was stored in a negligent manner resulting in its loss or destruction-- is

unavailaing.  ECF No. 1.   Such an argument fails to state a claim of constitutional dimension.

The Due Process Clause is not implicated by the mere negligent acts of officials.  *See Daniels v.*

*Williams*, 474 U.S. 327, 328 (1986).

**C.**    **Equal Protection Claims**

"The Equal Protection Clause generally requires the government to treat similarly

situated people alike."  *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985).

If the discrimination was based on plaintiff's membership in a suspect class, the differential

treatment must be narrowly tailored to a compelling interest; otherwise, plaintiff must show that

the discrimination did not bear a rationale relationship to a legitimate government purpose.  *See*

*Cleburne*, 473 U.S. at 440-42. Plaintiff  merely states that his right to "equal protection" was

violated.  He does not indicate whether he is a member of a suspect class nor does he indicate

how he was treated differently from any other person seeking DNA evidence.  Accordingly, this

claim is subject to dismissal.

**Conclusion**

Defendants' motions to dismiss shall be granted**.**  A separate order follows.

\_\_\_\_March 26, 2012_____                     _____/s/_____
Date                                                        J. Frederick Motz
                                                              United States District Judge